UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| FRANK A. SPENCER, | : | Case No. 2:25-cv-556 |
| Plaintiff, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Peter B. Silvain |
| CYNTHIA D. DAVIS, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1]

Plaintiff, an Ohio prisoner currently housed at the Southern Ohio Correctional Facility (SOCF), has filed a civil rights Complaint under 42 U.S.C. § 1983 against the following five SOCF Defendants: Warden Cynthia D. Davis, Administrative Assistant to the Warden Brandi Trekla, Unit Management Chief Jeremy Oppy, Rules Infraction Board (RIB) Chairperson A. Cooper, and RIB Member Sergeant B. Barney.[2] By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint or any portion of it should be dismissed because it is frivolous, malicious,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Plaintiff attaches copies of exhibits to his Complaint. Pursuant to Federal Rule of Civil Procedure 10, these exhibits are considered a part of the Complaint "for all purposes." Fed. R. Civ. P. 10(c). *See Fishman v. Williams*, No. 14-cv-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a *pro se* plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto."); *Johnson v. Buffalo Pub. Schools: Adult Educ. Div.*, No. 19-cv-1484, 2021 WL 9455714, at *3 (W.D.N.Y. Jan. 7, 2021) ("The Court deems the attachments and exhibits attached to [the plaintiff's] Complaint part of the pleading and considers them, to the extent they are relevant, in its screening decision."). However, the Court declines to comb through the exhibits to raise new claims or make legal arguments for Plaintiff. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("Furthermore, although this court has discretion to more broadly review the record on appeal, we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it.").

fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b). Also before the Court is Plaintiff's motion for a protective order. (Doc. 2).

## I. Legal Standard

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); § 1915A(b). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation

marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. Complaint

The claims in Plaintiff's Complaint arise out of a November 2024 disciplinary hearing, held without him being present, which resulted in his placement in restrictive housing. (Doc. 1-1, *PageID* 14; Doc. 1-2, *PageID* 17). Plaintiff reportedly waived the hearing and was found guilty of violating Rule 10.2 (unauthorized consumption of drugs or another intoxicating substance) on November 25, 2024. *See id*. The RIB Disposition sheet attached to Plaintiff's Complaint states in relevant part:

> 180 RH, D2 placement. 3rd time drug sanctions 270 days Commissary, Package, Visiting, Phone, Electronics, and Via-Path Restriction beginning 11/25/24 and ending 08/25/25. 2 yr visit restriction immediate family only 11/25/24 to 11/25/26. This penalty is imposed to promote more positive behavior from this inmate. RIB Recommends a Security Review.

(Doc. 1-2, *PageID* 17). Plaintiff appealed the conviction, stating that he did not waive the hearing. (Doc. 1-1, *PageID* 14). In January 2025, he was granted a rehearing, after it was determined that the procedures for obtaining his waiver were not followed. *Id.* at 15; (Doc. 1-4, *PageID* 20). The Complaint does not indicate the result of the rehearing. However, in his motion for a protective order, Plaintiff asserts that he was released from restrictive housing on June 17, 2025, after receiving another conduct violation (not at issue in the Complaint) and 24 additional days in that unit. (Doc. 2, *PageID* 40).

Plaintiff alleges that his "dorm [in restrictive housing] . . . d[id] not have a seat or table in it" and he was "restricted from calling [his] family and friends even though [he was] on the mental

3

health caseload." (Doc. 1-1, *PageID* 14-15). Additionally, Plaintiff alleges that he was "denied adequate mental health assistance" and urinated on himself from mental anguish. *Id*. at 15.

For relief, he seeks damages and injunctive relief. *Id*. at 16.

### III.     Analysis

Liberally construing the Complaint, *see Martin*, 391 F.3d at 712, the Court understands Plaintiff to assert: (1) a due process claim under the Fourteenth Amendment to the United States Constitution relating to his November 2024 disciplinary hearing and conviction; and (2) a conditions-of-confinement claim under the Eighth Amendment relating to his time in restrictive housing due to that conviction. *See* Doc. 1-1, *PageID* 15. Plaintiff also states that he is bringing a § 1983 slander claim based on Defendants "alleging [he] refused to attend his RIB hearing in wanton disregard for the truth." *Id*. Under the above relevant screening standards, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

   i.     **Plaintiff's Fourteenth Amendment Claims Should Be Dismissed.**

The Due Process Clause protects individuals against deprivation of "life, liberty, or property without due process of law." U.S. CONST. amends. V, XIV. Prisoners subject to disciplinary proceedings, however, are not entitled to the same "full panoply" of due process rights afforded to criminal defendants during trial. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A valid "due process challenge to a prison misconduct conviction depends on whether the conviction[] implicated any liberty interest." *Hubbard v. Theut*, No. 2:19-cv-52, 2019 WL 1198536, at *2 (W.D. Mich. Mar. 14, 2019). Importantly, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *Id*. (citing

*Meachum v. Fano*, 427 U.S. 215, 225 (1976)).  Rather, "a prisoner is entitled to the protections of due process only when a deprivation 'will inevitably affect the duration of his sentence' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Id*. (quoting *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995)).

Plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or in an atypical and significant hardship.  The Sixth Circuit has found that confinement in segregation generally does not rise to the level of an atypical and significant hardship except "in extreme circumstances," such as when a prisoner is subject to an excessively long or indefinite administrative segregation. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (quoting *Harden–Bey v. Rutter,* 524 F.3d 789, 791–92 (6th Cir. 2008)).  *Cf. Harris v. Caruso,* 465 F. App'x. 481, 484 (6th Cir. 2012) (a prisoner's 8-year confinement in segregation was of "atypical duration" and presented a cognizable liberty interest).  Assignment to restrictive housing likewise does not implicate a liberty interest.  *See Perry v. Erdos*, No. 1:22-cv-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), *report and recommendation adopted*, 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022) ("Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest") (citations omitted).

Furthermore, the additional "loss of phone and tablet privileges" does not amount to an atypical and significant hardship in relation to the ordinary incidents of prison life.  *Gardner v. Picotte*, No. 2:24-cv-192, 2025 WL 920025, at *7 (W.D. Mich. Mar. 27, 2025) (citing cases).  *See also Jarrett v. Greene*, No. 1:22-cv-456, 2022 WL 13795466, at *12 (S.D. Ohio Oct. 24, 2022), *report and recommendation adopted*, 2022 WL 17253595 (S.D. Ohio Nov. 28, 2022) (six-month

tablet restriction did not implicate a liberty interest); *Uraz v. Ingham Cty. Jail*, No. 1:19-cv-550, 2019 WL 4292394, at *6 (W.D. Mich. Sept. 11, 2019) (10-month phone restriction did not implicate a liberty interest). Nor do prisoners have a protected liberty interest in visitation. *Jarrett*, 2022 WL 13795466, at *12. *See also Bazzetta v. McGinnis*, 430 F.3d 795, 804-05 (6th Cir. 2005) (finding that a ban on virtually all visitation for prisoners who have been found guilty of two or more major misconduct substance abuse charges does not rise to a due process violation); *Overton v. Bazzetta*, 539 U.S. 126, 131, 134 (2003) (upholding a two-year restriction on visitation privileges).

Accordingly, Plaintiff's Fourteenth Amendment claims should be dismissed.

### ii. Plaintiff's Eighth Amendment Claims Should Be Dismissed.

Plaintiff's Eighth Amendment claims are likewise subject to dismissal.

> To establish a violation of the Eighth Amendment, the offending conduct must reflect an unnecessary and wanton infliction of pain. *Whitley v. Albers,* 475 U.S. 312, 319 (1986). A viable Eighth Amendment claim has an objective and subjective component. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The objective component requires that the pain be serious, *see Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991).

*Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998).

To the extent that Plaintiff alleges that his placement in restrictive housing violated the Eighth Amendment, his allegations fail to state a claim for relief. "Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim." *Harden-Bey*, 524 F.3d at 795 (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)). Accordingly, "without a showing that basic human needs were not met, the denial of privileges as

a result of administrative segregation cannot establish an Eighth Amendment violation." *Dallas v. Chippewa Corr. Facility*, No. 2:17-cv-198, 2018 WL 3829203, at *5 (W.D. Mich. Aug. 13, 2018).

Plaintiff has not alleged facts from which the Court can plausibly infer that his basic human needs were not met in restrictive housing. Indeed, he fails to allege "the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim." *Dean*, 1998 WL 466137, at *2 (citing *Wilson,* 501 U.S. at 298; *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). *See also Hickey v. Stump*, No. 1:22-cv-865, 2022 WL 12338486, at *12 (W.D. Mich. Oct. 21, 2022) (loss of privileges during the plaintiff's eleven-month placement in segregation did not violate the Eighth Amendment); *Scally v. Flores*, No. 22-cv-0182, 2022 WL 959791, at *4 (S.D. Cal. Mar. 30, 2022) ("In order to plausibly allege an Eighth Amendment deliberate indifference claim, Plaintiff must allege facts which show he was placed at risk of 'objectively, sufficiently serious' harm by a prison official Defendant who knew of and deliberately disregard that risk.") (citing *Farmer*, 511 U.S. at 834); *Edge v. Mahlman*, No. 1:20-cv-892, 2021 WL 3725988 (S.D. Ohio Aug. 23, 2021) ("It is well-established that the presence of *some* unsanitary conditions in a cell (including fecal matter) does not establish an Eighth Amendment claim, except in circumstances where the volume of matter and duration of exposure are extreme.").

In so finding, the Court does not discount Plaintiff's allegations that he is on the mental health caseload. But even assuming, *arguendo*, that Plaintiff's mental health issues are sufficiently serious to meet the objective component of an Eighth Amendment claim, Plaintiff has failed to establish the subjective component of an Eighth Amendment claim. Plaintiff's allegations that the mental health treatment he received in restrictive housing was inadequate are wholly conclusory.

*See Williams v. Foster*, No. 19-cv-1659, 2020 WL 3618509, at *5 (E.D. Wis. July 2, 2020) ("For example, a conclusory statement such as, 'The defendants provided inadequate mental health treatment' is insufficient on its own to state a claim. The plaintiff must provide the court with specific facts showing what health treatment was provided by which defendants and why it was inadequate."). Moreover, he "does not . . . allege that he has been denied psychological care by any of the named defendants, or, indeed, by anyone at the facility [and] therefore, fails to satisfy the subjective component of a psychological-needs claim." *Jones v. Mays*, No. 3:21-cv-666, 2022 WL 3651964, at *5 (M.D. Tenn. Aug. 24, 2022).

Accordingly, Plaintiff's Eighth Amendment claims should be dismissed.

### iii. Plaintiff's § 1983 Slander Claims Should Be Dismissed.

Plaintiff's § 1983 slander claims are also subject to dismissal. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See Reeves v. Mohr,* No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (dismissing claim that prisoner had "a constitutional right to be free from false accusations"); *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) ("[A] prisoner has no constitutional right to be free from false accusations of misconduct."); *Hutson v. Medart*, No. 2:03-cv-101, 2003 WL 21801184, at *2 (N.D. Tex. Aug. 5, 2003) (citing *Oliver v. Collins,* 904 F.2d 278, 281 (5th Cir.1990)) (alleged slander in prison report does not give rise to § 1983 liability).

Accordingly, Plaintiff's § 1983 slander claims should be dismissed.

### IV. Motion for Protective Order

Having considered the claims in his Complaint, the Court next considers Plaintiff's motion for a protective order. (Doc. 2). Given the recommended dismissal of the Complaint for failure

8

to state a claim upon which relief can be granted, the motion for protective order should be denied as moot. *See Edelstein v. Flottman*, No. 24-3156, 2025 WL 609487, at *3 (6th Cir. Jan. 10, 2025) (affirming denial of a motion for temporary restraining order (TRO) as moot following dismissal of complaint); *see also Johnson v. Shultz,* No. 22-cr-11273, 2023 WL 4477149, at *3 (E.D. Mich. July 11, 2023) ("Having dismissed Plaintiff's complaint, the Court denies Plaintiff's motion for TRO and motion for preliminary injunction as moot.").

Even if Plaintiff's Complaint was not subject to dismissal, which it is, his motion for protective order (Doc. 2) would still require denial. Plaintiff's allegations in the motion either fail to raise the type of atypical and significant or extreme conditions necessary to give rise to a constitutional violation (*see* Doc. 2 at 36 (alleging restrictions on personal property)), or concern events not at issue in the Complaint (*id*. at 36-40 (alleging new false conduct violation, improper strip search, unconstitutional conditions of confinement following new conduct violation, and finding a foreign object in his food). A prisoner has no right to possess unlimited property in his cell. *See Hinds v. Lewis*, No. 1:19-cv-279, 2019 WL 2223253, at *5 (W.D. Mich. May 23, 2019). *See also Mize v. Woosley*, No. 4:10-cv-119, 2010 WL 4323073, at *2 (W.D. Ky. Oct. 26, 2010) ("Prisoners do not have any constitutionally protected right to watch television or listen to the radio[.]"); *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) ("The regulation of type and quantity of individual possession in cells is typical of the kinds of prison conditions that the Court has declared to be subject to the . . . analysis set forth in *Sandin*."). Furthermore, a motion for protective order is not the proper method for Plaintiff "to use in an attempt to address other issues unrelated to his original complaint." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013), *report and recommendation adopted*, 2013 WL 5944082, at *4

(S.D. Ohio Nov. 5, 2013).

Accordingly, in sum, the Complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because Plaintiff has failed to state a claim upon which relief can be granted. In light of this recommendation, Plaintiff's motion for protective order (Doc. 2) should be denied as moot.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

2. Plaintiff's motion for protective order (Doc. 2) be **DENIED as moot.**

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

December 2, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**PROCEDURES ON OBJECTIONS:**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).