**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Frank A. Spencer,

        Plaintiff,                          Case No. 2:25-cv-556
                                           District Judge James L. Graham
      v.                             Magistrate Judge Peter B. Silvain

Cythia D. Davis, *et al.*,

        Defendants.

Order

Plaintiff Frank A. Spencer, a prisoner who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983. The Magistrate Judge conducted a review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). In his December 2, 2025 Report and Recommendation, the Magistrate Judge construed the Complaint as asserting three claims: (1) a Fourteenth Amendment due process claim related to alleged discipline of plaintiff by defendants at the Southern Ohio Correctional Facility; (2) an Eighth Amendment claim relating to plaintiff's conditions of confinement; and (3) a § 1983 slander claim for alleged false accusations that plaintiff refused to attend a rules infraction board hearing.

The Magistrate Judge found that all three claims failed. He found that plaintiff did not state a due process claim because he failed to allege that the disciplinary sanction (placement in restrictive housing for 180 days) implicated a liberty interest. *See Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). The Magistrate Judge found that plaintiff failed to state an Eighth Amendment claim because, among other reasons, he failed to allege that he was denied mental health care by any of the named defendants. *See Jones v. Mays*, No. 3:21-cv-666, 2022 WL 3651964, at *5 (M.D. Tenn. Aug. 24, 2022) ("[P]laintiff "does not . . . allege that he has been denied psychological care by any of the named defendants, or, indeed, by anyone at the facility [and] therefore, fails to satisfy the subjective component of a psychological-needs claim."). Finally, the slander claim failed because fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) ("[A] prisoner has no constitutional right to be free from false accusations of misconduct.").

This matter is before the Court on plaintiff's objections to the Report and Recommendation. The Court reviews *de novo* those parts to which plaintiff has objected. *See* Fed. R. Civ. P. 72(b)(3).

1

Plaintiff raises two points which can be construed to qualify as objections.  First, he contends that he was not afforded a hearing before being forced "to live in a sanction dorm." Doc. 6 at PAGEID 89.  However, plaintiff still does not allege or explain how placement in restrictive housing implicated a liberty interest. *See Perry v. Erdos*, No. 1:22-cv-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), report and recommendation adopted, 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022) ("Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest") (citations omitted).

Second, plaintiff argues that defendants should be precluded from "making slander."  Again, however, plaintiff has not provided further allegations which would support an inference that the slanderous conduct arises to a constitutional violation. *See Hamlin*, 61 F. App'x at 132 (6th Cir. 2003).

Accordingly, the Court ADOPTS the Report and Recommendation (Doc. 5) and OVERRULES the objections (Doc. 6).  Plaintiff's Complaint is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.  Plaintiff's motion for protective order (Doc. 2) is DENIED as moot.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: March 30, 2026

2